MARY D. SANFORD, Appellant, v. THE FOURTH NATIONAL BANK OF THE CITY OF NEW YORK, Respondent, Impleaded with Others.

*Demurrer — the plaintiff cannot maintain an action, claiming alternative relief against one defendant, if he fails as against another.*

A complaint in an action alleged that the plaintiff was the owner of certain shares of stock which were stolen by the defendant Smith, who borrowed money upon the certificate representing such shares from the defendants Ferris & Kimball, that she had demanded the certificate of Ferris & Kimball, who had refused to deliver it; and she demanded judgment that they do this or pay her its value. The complaint then stated that Smith's firm deposited the money thus borrowed with the defendant, the Fourth National Bank, and demanded judgment that, if the plaintiff failed as against Ferris & Kimball, she should have judgment against said bank for the moneys so deposited.

To this complaint a demurrer was interposed by the bank.

*Held,* that no cause of action was stated as against the bank.

That having elected to pursue the stolen property in the hands of Ferris & Kimball, the plaintiff could not have judgment against a third party for its proceeds.

That there was no such thing known to the law as an alternative cause of action.

APPEAL by the plaintiff, Mary D. Sanford, from all that part of the decision of Mr. Justice INGRAHAM, rendered · upon the determination of the issue of law raised herein by the demurrer of the Fourth National Bank of the City of New York, defendant to the complaint, and to all ·that part of the judgment entered thereon which finds that the complaint does not state facts sufficient to constitute a cause of action as against said defendant, the Fourth National Bank of the City of New York, which said decision was dated April 29, 1891.

*George W. Wingate,* for the appellant.

*David Wilcox,* for the respondent.

BARRETT, J.:

The plaintiff, in substance, alleges that she was, on the 14th of November, 1890, the owner of 100 shares of the stock of the Adams Express Company; that on that day one Albert H. Smith stole the certificate representing these shares and borrowed money thereon from the defendants Ferris & Kimball, and that she has demanded

the certificate from Ferris & Kimball, but that they have refused to give it to her. Upon these averments she demands judgment that Ferris & Kimball be required either to deliver the certificate to her or to pay her its value.

Having thus formulated her case against Ferris & Kimball, she proceeds to state that Smith's firm deposited the money which he so borrowed from Ferris & Kimball in the defendant bank, and on this latter averment she demands a further judgment that, in case she fails in her action against Ferris & Kimball, the bank be required to pay her the amount so deposited.

This novel complaint is sought to be justified and sustained by the frank avowal that the case is troublesome, and that the plaintiff is not quite sure how she is " coming out " in her action against Ferris & Kimball. So she thought it best to state all the facts and leave the court to work out for her a safe result. This is carrying the " plain statement " heresy, begotten of the Code, that the plaintiff may simply tell his whole story in his own way and on it ask what he wants, to a somewhat grotesque extreme. The difficulty is that the plaintiff has stated an apparently good cause of action against Ferris & Kimball. That necessarily involves an election to pursue her stolen property. She cannot have both her property and its proceeds. Before she could have any possible claim against the bank she was bound to elect, and if she elected to follow the proceeds of the theft in the hands of a third party, she thus ratified Smith's act in borrowing the money from Ferris & Kimball and acknowledged the latter's title. But she has done the very reverse of this, and consequently she has no cause of action against the bank. At all events, there is no such thing known to the law as an alternative cause of action such as is here pleaded. The complaint must state facts constituting some present cause of action against a defendant. It will not do for a plaintiff to say that in case of defeat, with regard to one cause of action pleaded against A, he will then (and not until then) have another and different cause of action against B. That is not a statement of facts constituting a present cause of action against B either at law or in equity. But further, the plaintiff has not even pleaded her doubts. In his brief her learned counsel says that her right to attack the title of Ferris & Kimball to this certificate is a very doubtful question of

law. But this expression of doubt is not predicated of any aver-ment in the complaint. Whether the certificate was feloniously or but fraudulently taken, whether it was, in fact, negotiable or non-negotiable, whether Ferris & Kimball obtained a good title to it or not, are all matters as to which the complaint evinces no uncertainty. On the contrary, there is a clear, non-demurrable cause of action (*prima facie*) stated as against Ferris & Kimball. It follows that no cause of action is stated as against the bank.

If, however, the plaintiff had not pleaded alternately, but had alleged the facts as to the loan and deposit as a present and distinct cause of action against the bank, the demurrer would have to be sustained upon the second ground specified as well as upon the first. For in that case the two causes of action would have been improperly joined, they being, as we have seen, inconsistent with each other, and neither one affecting all the defendants.

The interlocutory judgment appealed from should, therefore, be affirmed, with costs.